UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN S. NAYLOR, CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATE OF SLE METALS, INC.<br><br>Plaintiff/Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 13-cv-2481-BTM<br><br>**ORDER GRANTING PETITIONER'S UNOPPOSED MOTION FOR RETURN OF SEIZED PROPERTY** |

Pending before the Court is SLE Metals, Inc.'s Bankruptcy Trustee's ("SLE Trustee" or "Trustee") motion for the return of funds seized by the United States Secret Service ("Secret Service") in 2010. For the reasons set forth herein, the Court grants the motion.

//

//

1

## I. BACKGROUND

The facts described herein are undisputed. On June 24, 2009, SLE Metals, Inc. ("the Debtor" or "SLE") filed a voluntary bankruptcy petition in the Central District of California, and Karen Naylor was appointed the Chapter 7 Trustee. Declaration of Karen Naylor ("Naylor Decl."), Ex. 1 (SLE Notice of Bankruptcy). Among the assets of the SLE estate were three federal tax refund checks dated December 29, 2009 totaling $1,014,484.69 issued to SLE Metals, Inc. See id., Ex. 4. On or about March 1, 2010 two Wells Fargo Bank business accounts (a commercial checking account and a savings account) were opened in San Diego in the name of "SLE Metal In" (note the conspicuously absent "c") by "Eunice Y. Fdawi." See Declaration of Carolyn G. Fuller ("Fuller Decl.") Exs. A-C. On March 2, 2009, the three checks were deposited into the SLE Metal In accounts.

On March 3, 2010, a check for $100,000 payable to "MDS USA Inc." was drawn on the "SLE Metal In" checking account. Fuller Decl. Ex. A. The authorized signatories for the MDS Account were Euniceth Fdawi and Nidal Fdawi. Naylor Decl. ¶10-11, Ex. 4; Fuller Decl. Ex. C. Wells Fargo froze the SLE Metals In and MDS accounts, and worked with the Secret Service to investigate these suspicious transactions. Id. ¶12. The funds in the accounts were later seized by the government pursuant to a warrant issued by a Magistrate Judge. Id. ¶13.

It appears that no one has been indicted for any crime related to these transactions. Yet the funds have remained in the government's possession for over three years. The government has no further interest in retaining the funds, and it does not oppose the motion. (Doc. No. 11.) Neither Wells Fargo, the Fdawis, nor any other party has opposed the motion.

//
//

//

## II.  LEGAL STANDARD

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return.  The motion must be filed in the district where the property was seized."  Fed. R. Crim. P. 41(g).  This rule applies to property unlawfully seized as well as to property lawfully seized but unreasonably retained by the government.  United States v. Zambrano, 353 Fed. Appx. 227, 228 (11th Cir. 2009).  When a motion for the return of property under Rule 41(g) is filed after a conviction, or where the government brings no forfeiture action, it is treated as a civil action in equity.  United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure."); United States v. Lopez, 562 F.3d 1309, 1311-13 (11th Cir. 2009).  To recover property, the movant must demonstrate that she has a possessory interest in the seized property.  If no criminal proceedings or civil forfeiture proceedings are pending, the government must demonstrate that it has a legitimate reason to retain the property.  United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999).

There is no precise test for determining whether seized property should be returned to a particular movant.  Before exercising equitable jurisdiction and reaching the merits, however, courts typically consider whether the movant will suffer irreparable injury if the property is not returned.  Ramsden v. United States, 2 F.3d 322, 324-325 (9th Cir. 1993).  But see Doane v. United States, 2009 U.S. Dist. LEXIS 61908, *3 (S.D.N.Y. June 5, 2009) (holding that no showing of irreparable harm is required for pre-indictment motion for return of property where the government did not argue that the returning the property would interfere with a grand jury investigation).  The Court may also consider other factors such as (1)

whether the Government has displayed a callous disregard for the constitutional rights of the movant; (2) whether the movant has an individual interest in and need for the property she wants returned; and (3) whether the movant has an adequate remedy at law for the redress of her grievance. Ramsden, 2 F.3d at 325.

### III.  DISCUSSION

A.   Jurisdiction

As a preliminary matter, the Court first concludes that it has jurisdiction because the funds at issue were seized from bank accounts in this district. See Naylor Decl. ¶¶5, 8, 10. See also Trinh v. Citibank, N.A., 850 F.2d 1164, 1172 n.5 (6th Cir. 1988) ("The situs of a bank's debt on a deposit is considered to be at the branch where the deposit is carried.").

B.   The SLE Trustee's Possessory Interest in the Property

The SLE Trustee has produced satisfactory evidence that the funds *sub judice* belong to the SLE Metals Bankruptcy Estate and that she is its proper representative. As noted above, Ms. Naylor is the Bankruptcy Trustee named on the Notice of Chapter 7 Bankruptcy in In re SLE Metals, Inc., No. 8:09-bk-16252 (C.D. Cal. June 24, 2009). Naylor Decl. ¶1, Ex. 1. The IRS provided copies of the 2006-2008 tax transcripts for SLE Metals, Inc. (Naylor Decl. ¶14, Ex. 8), which have the same Taxpayer Identification Number as the SLE Metals Inc. entity that filed for bankruptcy. Naylor Decl. ¶15, Exs. 4, 9. Moreover, the amounts of the tax refunds listed in the IRS transcripts match the amounts deposited in the SLE Metal In accounts. Compare Naylor Decl., Ex. 4 (copies of three refund checks for SLE Metal, Inc. in amounts of $339,030, $463,799, and $211,655.69) with Ex. 8 (transcripts listing three refunds issued Dec. 28, 2009) and Fuller Decl. ¶5, Exs. A (March 2010 commercial checking account statement accounting for $1,013,984.69 in deposits posted on March 2, 2010 naming Eunice Y. Fdawi d/b/a

SLE Metal In as the accountholder) and B (March 2010 high yield savings account statement showing $500 opening deposit entered March 2, 2010 also naming Eunice Y. Fdawi d/b/a SLE Metal In as the accountholder).  The government agrees that movant's claims are legitimate, and nobody has come forward with contrary claims.  As such, the Court finds that the movant represents the interests of the SLE Metals Estate, which, as the intended recipient of the refunds, retains an interest in the property.  Cf. United States v. Comprehensive Drug Testing, Inc., 621 F.3d 1162, 1172-74 (9th Cir. 2010) (affirming order to return drug testing records to a third-party baseball player association even though records were seized from a drug testing facility).  Finally, notice of the pending motion was provided to potentially interested parties to the extent they are known, (Doc. No. 9), and no party has come forward disputing the Trustee's interest.

        C.     Irreparable Harm

A bankruptcy trustee has a duty to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest."  11 U.S.C. § 704(a)(1).  The Trustee argues that the government's continued possession of the funds at issue prevents her from discharging her duties, to the detriment of the SLE Metals Estate and its creditors.  Without the release of these funds, the Trustee cannot complete the final claim analysis, file the final tax return for the Estate, or make final distributions to its creditors.  Naylor Decl. ¶18.  The Court accordingly finds that the Trustee has demonstrated irreparable harm.

        D.     Other Considerations

As the government has not filed a criminal action nor civil forfeiture proceedings, the Trustee has no other remedy at law.  And since the government has no continuing need for the property, e.g., for use in a criminal investigation or prosecution, its continued retention is unreasonable.  See Fed. R. Crim. P. 41(g)

Advisory Comm. Notes (1989) ("[R]easonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. . . . If the United States has a need for the property in an investigation or prosecution, its retention of the property is generally reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."). See also In re Grand Jury Subpoena Duces Tecum (Roe & Roe, Inc.), 49 F. Supp. 2d 451, 452-55 (D. Md. 1999) (finding that the government had no "continuing evidentiary need" for the food products seized, and ordering their return). The government's position is that the funds should be turned over to the Trustee. The Court therefore finds that all relevant factors favor the return of the property at this point.

## IV. CONCLUSION

Upon consideration of the papers and the entire record of this case, the Court hereby **GRANTS** the Trustee's Motion for the Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g). It is accordingly **ORDERED** that the government promptly release the funds seized from SLE Metal In account and the MDS account up to a total of $1,014,484.69 and turn them over to the Bankruptcy Estate of SLE Metals, Inc. The parties shall certify compliance with this Order by filing notice thereof with the Court by January 20, 2014.

**IT IS SO ORDERED.**

Dated: December 27, 2013

BARRY TED MOSKOWITZ
CHIEF JUDGE
UNITED STATES DISTRICT COURT

6